1  STEPHEN S. SMITH (SBN 166539)
2  LAW OFFICES OF STEPHEN S. SMITH, P.C.
3  303 North Glenoaks Blvd., Suite 200
   Burbank, CA 91502
4  Telephone: (310) 955-5824
   Fax: (310) 955-5824
5  Email: ssmith@stephensmithlaw.com

6  *Attorneys for Defendant*
7  *Janice Feldman*

8              **UNITED STATES DISTRICT COURT**
9
10             **CENTRAL DISTRICT OF CALIFORNIA**
11

12  JANUS ET CIE                          Case No. 2:23-cv-6000 PA (ASx)

13              Plaintiff,                 **DEFENDANT JANICE FELDMAN'S**
                                           **NOTICE OF MOTION AND**
14      v.                                 **MOTION TO DISMISS FIRST**
                                           **AMENDED COMPLAINT;**
15  JANICE FELDMAN ,                       **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES**
16              Defendant
                                           **[Fed. R. Civ. P. 9(b) and 12(b)(6)]**
17  _____
                                           **[Request for Judicial Notice and**
18  JANICE FELDMAN,                        **[Proposed] Order filed concurrently]**

19              Counterclaimant,
                                           Date:  October 16, 2023
20      v.                                 Time: 1:30 p.m.
                                           Courtroom: 9A
21  JANUS ET CIE,

22              Counterdefendant.

23

24

25

26

27

28

*(left margin, vertical text)* LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 16, 2023, at 1:30 p.m. in Courtroom 9A of the United States District Court, Central District of California, located at First Street Courthouse, 350 W. First Street, Los Angeles, California 90012, Defendant Janice Feldman ("Feldman") will and hereby does move for an order dismissing the First Amended Complaint.  This Motion is made (1) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the First Amended Complaint fails to state any claim upon which relief can be granted and (2) pursuant to Federal Rule 9(b) on the ground that Plaintiff fails to state with particularity the circumstances constituting the alleged fraud that forms the basis for its Third Claim for Relief.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice and Exhibits 1, 2, 3 and 4 attached thereto, filed concurrently, all other pleadings and papers on file in this action, any oral argument at the hearing on the Motion, and any further matters that may be presented in connection with this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place via a conference call on July 26, 2023, followed by emails dated July 27, 2023, August 2, 2023, August 4, 2023 and August 7, 2023 and two more conference calls on September 5 and 7, 2023.

DATED:  September 13, 2023           LAW OFFICES OF STEPHEN S.
                                     SMITH, P.C.


                                     By: */s/ Stephen S. Smith*
                                     STEPHEN S. SMITH (SBN 166539)
                                     Attorney for Janice Feldman

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     STATEMENT OF FACTS ......................................................................... 2

        A.      The Employment Agreement ...................................................... 2

        B.      The Design Agreement ............................................................... 3

        C.      JEC Claims Feldman Exploited Her Employment Position as
                CEO to Obtain Compensation She Was Not Entitled To ................ 5

                1.      JEC Alleges That Section 4.04 of the Employment
                        Agreement Prohibited Feldman From Receiving
                        Compensation for Certain Types of Designs............................ 5

                2.      JEC Alleges That Feldman Wrongfully Used Her
                        Employment Position as CEO to Obtain Compensation
                        for Designs That Were Owned by JEC Pursuant
                        to Section 4.04 of the Employment Agreement ...................... 7

                3.      JEC Alleges that Feldman Used Her "Superior Position"
                        as CEO to Prevent JEC From Detecting Her Breaches.............. 8

        D.      This Is the Third Time That JEC Has Made This Claim..................... 9

        E.      In the FAC, JEC Alleges For the First Time a Claim for Theft
                by Fraud or Fale Pretenses Under California Penal Code
                Section 496 ................................................................................ 10

III.    LEGAL STANDARD ............................................................................. 10

IV.     ARGUMENT ......................................................................................... 11

        A.      All Claims in the FAC Are Barred by Section 6.05 of the
                Employment Agreement .......................................................... 11

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks, Blvd., Suite 200
Burbank, California 91502

i

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

1. Michigan Law Applies to the Limitation Provision in the Employment Agreement ........................................................... 11

2. Under Michigan Law, a Contractual Limitation Provision Must Be Enforced As Written ................................. 12

3. JEC Explicitly Relates Its Claims Feldman's Employment ..... 12

4. This Action Was Filed More than 18 Months After the Termination of Feldman's Employment ................................. 13

B. Section 5(c) of the Design Agreement Also Bars This Action ........... 14

1. Section 5(c) Is Valid and Enforceable ..................................... 14

2. Section 5(c) Applies to Each of JEC's Claims ......................... 15

3. JEC Has Previously Alleged that the Breach Occurred in 2019 and Does Not Allege in the FAC Any Breach That Occurred Within the Two-Year Limitation Period ................. 15

C. The Third Claim Should Be Dismissed Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) ........................................ 17

1. JEC Bases Its Third Claim for Relief on Theft By Fraud ........ 17

2. Rule 9(b) Applies to Any Averments of Fraud ........................ 18

3. JEC Does Not Comply With Rule 9(b) ..................................... 19

4. JEC's Third Claim Also Does Not State a Claim Upon Which Relief Can Be Granted (FRCP 12(b)(6)) ...................... 20

V. CONCLUSION ......................................................................................... 21

ii

**TABLE OF AUTHORITIES**

**CASE LAW**

Page

Anderson v. Clow (In re Stac Electronics Securities Litigation),
  89 F.3d 1399 (9th Cir. 1996)..........................................................................10

Beeson v. Schloss,
  83 Cal. 618 (1920) ...........................................................................................14

Brisbane Lodging, L.P. v. Webcor Builders, Inc.,
  216 Cal.App.4th 1249 (2013) ..........................................................................14

Cansino v. Bank of America,
  224 Cal.App.4th 1462 (2014)...........................................................................21

Clark v. DaimlerChrysler Corp.,
  268 Mich. App. 138; 706 N.W.2d 471 (2005).................................................12

Courser v. Mich. House of Representatives,
  831 Fed. Appx. 161 (6th Cir. 2020) ………....................................................12

Davis v. Landscape Forms, Inc.,
  640 Fed. Appx. 445 (6th Cir. 2016) ………....................................................12

Erlich v. Menezes,
  21 Cal.4th 543 (1999) ………...........................................................................20

Evox Prods. LLC v. Chrome Data Solutions,
  2018 U.S. Dist. LEXIS 197882 (D.Or. Sept. 6, 2018) ………......................14

First Intercontinental Bank v. Ahn,
  798 F.3d 1149 (9th Cir. 2015)..........................................................................11

Freeman & Mills, Inc. v. Belcher Oil Co.,
  11 Cal.4th 85 (1995).........................................................................................20

Hambrecht & Quist Venture Partners v. American Medical International, Inc.,
  38 Cal.App.4th 1532 (1995) ………...........................................................11, 14

Heimeshoff v. Hartford Life & Accident Ins. Co.,
  571 U.S. 99; 134 S. Ct. 604; 187 L. Ed. 2d 529 (2013) ………...................14

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

iii

Lazar v. Superior Court,
    12 Cal.4th 631 (1996) ……….....................................................................21

Neubronner v. Milken,
    6 F.3d 666 (9th Cir. 1993) ……….............................................................19

Order of United Com. Travelers of Am. v. Wolfe,
    331 U.S. 586; 67 S. Ct. 1355; 91 L. Ed. 1687 (1947) …….....................14

Perez-Mejia v. Holder,
    641 F.3d 1143 (9th Cir. 2011) ………........................................................16

Rivera v. Peri & Sons Farms, Inc.,
    735 F.3d 892 (9th Cir. 2013)......................................................................11

Rory v Continental Ins. Co.,
    473 Mich. 457; 703 N.W.2d 23 (2005) ………..........................................12

Ross v. Bolton,
    904 F.2d 819 (2d Cir. 1990) ………..........................................................18

Siry Investment, L.P. v. Farkhondehpour,
    13 Cal.5th 333 (2022) ……….....................................................17-18, 20-21

Soltani v. W. & S. Life Ins. Co.,
    258 F.3d 1038 (9th Cir. 2001) ..................................................................14

Steinle v. City and County of San Francisco
    919 F.3d 1154 (9th Cir. 2019)................................................................1, 10

Thomas v. Walt Disney Co.,
    337 Fed. Appx. 694 (9th Cir. 2009) ……….............................................10

Thurman v. DaimlerChrysler, Inc.,
    397 F.3d 352 (6th Cir. 2004) ……….........................................................12

Trentadue v. Gorton,
    479 Mich. 378; 738 N.W.2d 664, 672 (Mich. 2007) ……….....................12

United States v. Ritchie,
    342 F.3d 903 (9th Cir. 2003) ……….........................................................10

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

iv

Vess v. Ciba-Geigy Corp.,
    317 F.3d 1097 (9th Cir. 2003) …………........................................... 2, 18-19

**STATUTES AND OTHER AUTHORITIES**

Fed. R. Civ. Pro. 9(b) …………………… ...................................................... i, 2, 17-21

Fed. R. Civ. Pro. 12(b)(6) …………………….............................i, 2, 10-11, 17, 20-21

Cal. Pen. Code § 496 …………………… ........................................... 2, 10, 15, 17-18

Cal. Pen. Code § 484 …………………… .................................................2, 10, 18, 20

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

v

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Janice Feldman ("Feldman") moves to dismiss the First Amended Complaint ("FAC") of plaintiff JANUS et Cie ("JEC") on the following grounds:

First, this action is barred by the limitation provision found in Section 6.05 of the parties' employment agreement.  Section 6.05 provides that "each party agrees not to commence any action or suit against the other party hereto relating to Executive's employment with Corporation more than eighteen (18) months after the date of termination of Executive's employment and agrees to waive any statute of limitations to the contrary."  Exhibit 1 to Request for Judicial Notice ("RJN") at § 6.05.[1]  This case is "relating to Executive's employment with Corporation" because JEC alleges throughout the FAC that Feldman wrongfully used her employment position as JEC's CEO to obtain royalties from JEC that she was not entitled to.  FAC ¶¶ 5, 16, 19, 20, 22, 25-30, 32-33, 36-38, and 41-45.  Feldman's employment with JEC terminated on December 31, 2020.  FAC ¶ 17.  JEC was required to commence this action within 18 months of that date.  It did not do so.  Dkt. #1-1.  Therefore, this action must be dismissed.

Second, this action is barred by a separate limitation provision found in Section 5(c) of the parties' design agreement.  Section 5(c) provides that "[n]one of the parties shall have the right to sue another one of the parties in

---

[1]   JEC refers to the employment agreement in six different paragraphs of the FAC and relies specifically on Section 4.04 of the employment agreement in support of its claims.  FAC ¶¶ 14, 15, 16, 20, 27 and 30.  However, JEC did not attach a copy of that agreement to the FAC.  The Court may consider this agreement in connection with this Motion to Dismiss under the "incorporation by reference" doctrine.  *Steinle v. City and County of San Francisco*, 919 F.3d 1154, 1162-1163 (9th Cir. 2019).  Feldman attaches a copy of the employment agreement as Exhibit 1 to its Request for Judicial Notice, filed concurrently.

1

connection with a breach by a party under this Agreement unless the party bringing such suit commences the suit within two (2) years after the date when such alleged breach occurred." Exhibit A to FAC § 5(c). All of the Claims in the FAC are "in connection with" Feldman's alleged breach of the design agreement. FAC ¶¶ 53, 56, 64, 66, 69-70, 74, 76, 77. JEC has alleged that Feldman breached the design agreement by "early 2019." RJN, Exhibit 2 (Complaint in Related Case No. 2:22-cv-08352 at ¶ 31). JEC was required to commence this action within two years of that date. It did not do so. Dkt. #1-1. For this independent reason, this action must be dismissed.

Finally, the Third Claim for Relief for theft by fraud under California Penal Code sections 496 and 484 fails to comply with Federal Rule of Civil Procedure 9(b) and fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). JEC fails to allege with particularity the essential elements of a fraud claim and fails to state "'the who, what, when, where and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). Simply stated, JEC does allege that Feldman made *any* false statement of past or existing material fact. Therefore, the Third Claim for Relief should be dismissed for this additional, independent reason.

## II.   STATEMENT OF FACTS

### A.   The Employment Agreement

JEC sells outdoor furnishings. FAC ¶ 1. Feldman founded, owned and was the CEO of JEC. *Id.* ¶¶ 2, 8. Third party, Haworth, Inc. is a manufacturer of office furniture systems and related products. *Id.* ¶ 1. On May 2, 2016, Haworth purchased 80% of JEC from Feldman. *Id.* ¶¶ 1, 12. Upon the closing of that sale, JEC (now majority-owned by Haworth) continued employing Feldman as its CEO pursuant to a written employment agreement. *Id.* ¶ 14.

On July 1, 2019, Haworth purchased the remaining 20% of JEC from Feldman. *Id.* ¶¶ 1, 12. On the same day, JEC and Feldman entered into a

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

2

revised and restated employment agreement (the "Employment Agreement"),

continuing Feldman's employment as JEC's CEO.  *Id.* ¶ 14; Exhibit 1 to RJN.

The Employment Agreement included the following provision:

> 6.05   <u>Limitation.</u>  Each party hereto agrees not to commence any
> action or suit against the other party hereto relating to Executive's
> employment with Corporation more than eighteen (18) months
> after the date of termination of Executive's employment and agrees
> to waive any statute of limitations to the contrary.

Exhibit 1 to RJN at § 6.05.

Feldman's employment with JEC terminated on December 31, 2020.

FAC ¶ 17.

**B.    The Design Agreement**

On May 2, 2016, the same day that Haworth purchased 80% of JEC from

Feldman and the same day that JEC and Feldman entered into the original

employment agreement, Feldman, JEC and a Haworth subsidiary, the Poltrona

Frau Group ("PFG"), entered into a "design agreement," which was amended

and restated on August 31, 2016 (the "Design Agreement").  FAC ¶ 18.  The

purpose of the Design Agreement was stated therein as follows:

> WHEREAS, [JEC] is in the business of manufacturing, marketing
> and distributing various indoor and outdoor furniture products,
> including, but not limited to, chairs, tables, stools, benches,
> umbrellas, textiles, chaise lounges and casual furniture
> (collectively, "Products").
> WHEREAS, in addition to and in connection with your
> employment with [JEC], pursuant to the Employment Agreement,
> dated as of May 2, 2016, [JEC] desires to engage your services to
> create and submit sketches, drawings, artwork, product
> configurations, models, mock-ups, prototypes, line extensions

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

3

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

1   and/or other designs of Products (collectively, "Designs") that may

2   be manufactured, marketed and distributed by [JEC].

3   Exhibit A to FAC at p. 1.  JEC agreed to pay Feldman a royalty on sales of any

4   Products that were based on any Designs that JEC "accepted."  FAC ¶ 21;

5   Exhibit A to FAC §§ 2-3 and 5.

6      Feldman could not accept her own submitted Designs on behalf of JEC.

7   FAC ¶ 24; Exhibit A to FAC § 2.  Instead, Feldman was required to submit the

8   Designs to a "Designated Individual" from PFG (the other Haworth subsidiary

9   who was a party to the Design Agreement) for an "independent review."

10  Exhibit A to FAC § 2(a).  The PFG Designated Individual could accept or reject

11  the Designs on JEC's behalf.  Exhibit A to FAC § 2(a)-(b); FAC ¶ 24.

12     JEC was not required to accept or reject a Design in the form Feldman

13  submitted it.  JEC could modify the Design.  Exhibit A to FAC § 2(b).  JEC

14  could also create "samples, mock-ups, models or prototypes" of Products based

15  on the Designs for experimental, test and marketing purposes before accepting

16  them.  Exhibit A to FAC § 4.  The PFG Designated Individual had the "final

17  discretion and approval for any and all changes to a submitted Design,

18  including: (i) changes to the structure of the form of the Products; (ii) changes

19  to the colors for the Products; and (iii) changes to the materials to be used to

20  manufacture and fabricate the Products."  Exhibit A to FAC § 2(b).

21     The last sentence of Section 5(c) of the Design Agreement included the

22  following provision:

23     None of the parties shall have the right to sue another one of the

24     parties in connection with a breach by a party under this

25     Agreement unless the party bringing such suit commences the suit

26     within two (2) years after the date when such alleged breach

27     occurred.

28  Exhibit A to FAC at § 5(c).

4

C.    **JEC Claims Feldman Exploited Her Employment Position as CEO to Obtain Compensation She Was Not Entitled To.**

Throughout the FAC, JEC alleges that Feldman exploited her employment position as JEC's CEO to obtain compensation she was not entitled to as a designer.  FAC ¶¶ 5, 16, 19, 20, 22, 25-30, 32-33, 36-38, and 41-45.  JEC introduces and summarizes this claim as follows:

> 5.    Prior to leaving her employment Feldman played dual roles as CEO of JEC and as a designer claiming royalties, and thus effectively stood on both sides of these transactions, and was thus in a position to conceal her wrongdoing from JEC and did conceal her wrongdoing. Although not a breach of the Design Agreement, Feldman's role as CEO and founder of JEC enabled her to conceal her breaches of the Design Agreement from JEC. Thus, Feldman knowingly sought and received royalties on products relating to designs which she knew or should have known were not owed to her.

FAC ¶ 5.  In the "Facts" section that follows, JEC expands on this claim in a step-by-step progression, each step of which relies on specific language from the Employment Agreement and Feldman's employment actions as JEC's CEO.  FAC ¶¶ 12-45.  JEC then incorporates all of these allegations into each of its Claims for Relief.  FAC ¶¶ 53, 64, 69 and 76.

1.    **JEC Alleges That Section 4.04 of the Employment Agreement Prohibited Feldman From Receiving Compensation for Certain Types of Designs.**

First, JEC alleges that it owned certain categories of designs pursuant to Section 4.04 of the Employment Agreement.  FAC ¶¶ 12-17.

> 16.    Both before and after its restatement, Section 4.04 of the Employment Agreement and Amended Employment Agreement,

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

5

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

as well as the laws of the State of California, provided that all
intellectual property conceived of by Feldman in the course of her
employment was owned by JEC.  In addition, Section 4.04
confirmed that there was no intellectual property – including
industrial designs – for which Feldman had any ownership interest
as of the date it was entered into, May 2, 2016.

FAC ¶ 16.

Second, JEC alleges that the purpose of the Design Agreement "was to compensate Feldman for services separate and apart from those as the CEO . . . ."  FAC ¶ 19.  "Such compensation under the Design Agreement was separate and independent from the Employment Agreement . . . ." *Id.*[2]

From these first two points, JEC then concludes that designs that were owned by JEC pursuant to Section 4.04 of the Employment Agreement did not qualify for compensation under the Design Agreement.

20.     . . . The compensation structure of the Design Agreement
only compensated Feldman for designs created solely by her after
May 2, 2016 since, as part of the sale to JEC, Feldman had
renounced [in section 4.04 of the Employment Agreement] any
rights to ownership in any designs created prior to that date and as
an employee of Plaintiff she had no right to be compensated for
designs developed as part of her employment.

FAC ¶ 20.  In short, if Feldman submitted a design that was owned by JEC pursuant to Section 4.04 of the Employment Agreement, then she was not entitled to  compensation for that same design under the Design Agreement.

---

[2]     JEC's allegation that the two agreements were "separate and independent" is expressly contradicted on the first page of the Design Agreement, which stated that the Design Agreement was being entered into "*in connection with* your employment with JANUS et Cie, pursuant to the Employment Agreement . . . ."  Exhibit A to FAC at p. 1 (emphasis added).

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

**2.** **JEC Alleges That Feldman Wrongfully Used Her Employment Position as CEO to Obtain Compensation for Designs That Were Owned by JEC Pursuant to Section 4.04 of the Employment Agreement.**

Next, JEC alleges that Feldman exploited her "position as CEO" to ignore the alleged separateness of the two agreements and, thereby, "wrongfully" obtained royalties under the Design Agreement for designs that were owned by JEC pursuant to Section 4.04 of the Employment Agreement. FAC ¶¶ 22-40. Examples of such allegations are as follows:

22.    As set forth above, Feldman's designs were to be created *independent of her employment with JEC*. . . .

23.    . . . Accordingly, to qualify as an Original Design, the design had to be created after May 2, 2016 'solely' by Feldman *without the collaboration or contribution of other designers at JEC* . . . .

27.    The Design Agreement only provides for royalties to be paid on products designed after the May 2, 2016 acquisition of JEC by Haworth, and expressly excludes designs that predated May 2, 2016 from eligibility for royalty payments. (Design Agreement § 1; *see also Employment Agreement and Amended Employment Agreement § 4.04*.)

28.    Feldman, *while CEO of JEC*, knew that certain designs predated May 2, 2016, and she also knew that under the Design Agreement JEC was only to pay her royalties on designs created by her after the date of the original Design Agreement (May 2, 2016); nonetheless Feldman wrongfully, *both during and after her employment with JEC*, submitted, requested payment, and was paid royalties on all these products.

29.    In addition, in at least some instances, Feldman specifically

7

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

1  *instructed employees of JEC* to include pre-May 2, 2016 designs for

2  royalty payments. As a result, Feldman caused royalties to be

3  wrongly paid to her on post-May 2, 2016 sales even though the

4  designs of such products pre-dated May 2, 2016.

5  30.   At all relevant times, Feldman knew that she had renounced

6  [in Section 4.04 of the Employment Agreement] any ownership

7  interest in designs pre-dating May 2, 2016, and that she could not be

8  owed royalties on such designs. . . .

9  32.   Feldman, *based on her position as CEO*, was in a unique and

10  *superior position* to control the information available to justify her

11  payment demands. . . .

12  33.   Notwithstanding her knowledge that she did not own designs

13  pre-dating May 2, 2016, Feldman *instructed JEC's CFO* to pay

14  royalties on pre-May 2, 2016 designs anyway, and royalties were in

15  fact paid on these designs. . . .

16  36.   In the majority of cases Feldman used *other designers*

17  *employed by JEC* or independent of JEC to contribute to and co-

18  create her putative designs.  In some cases, she would sketch out a

19  design and *have another designer at JEC* fill in or supplement

20  design features in order to complete the design.

21  37.   In most cases, Feldman would give a *JEC designer* a very

22  rudimentary sketch or merely a concept, sometimes referred to as a

23  "doodle", and that designer would actually design the product

24  around or based on that doodle or concept.

25  FAC ¶¶ 22, 23, 27-30, 32-33 and 36-37 (emphasis added).

26  **3.   JEC Alleges that Feldman Used Her "Superior Position"**

27  **as CEO to Prevent JEC From Detecting Her Breaches.**

28  Finally, JEC alleges that Feldman used her "superior position" and

8

"superior knowledge" as JEC's "then-current CEO" to "actively prevent" JEC from detecting her allegedly wrongful conduct.  FAC ¶¶ 41-42.  "Further, because Feldman was the CEO of JEC . . ., JEC did not question her conduct or veracity."  FAC ¶ 45.

### D.   This Is the Third Time That JEC Has Made This Claim.

JEC originally filed a complaint against Feldman in this Court on November 15, 2022.  Exhibit 2 to RJN, Dkt. #1 in Case No. 2:22-cv-08352 (the "Related Action").  JEC dismissed the Related Action without prejudice on January 10, 2023.  Exhibit 3 to RJN, Dkt. #23 in Case No. 2:22-cv-08352.

On June 28, 2023, JEC filed the instant action in the Los Angeles County Superior Court.  Dkt. #1-1.  Feldman removed this action to the United States District Court on July 25, 2023.  Dkt. #1.  Feldman also filed a Notice of Related Case, informing the Court that this action was related to the Related Action.  Dkt. # 4.  On July 26, 2023, the Court found the two cases to be related because they "[a]rise from the same or closely related transactions, happenings or events" and "[c]all for determination of the same or substantially related or similar questions of law and fact."  Dkt #13.

In the complaint in the Related Action and in the original complaint in the instant action, JEC made the same claims that it makes in the FAC – that Section 4.04 of the Employment Agreement prohibited Feldman from receiving royalties for certain designs and that Feldman wrongfully exploited her employment position as JEC's CEO to obtain royalties she was not entitled to under the Design Agreement.  Exhibit 2 to RJN, complaint in the Related Action ¶¶ 5-6, 16, 18-20, 30-31, 40, 51, 58, 94-95; Dkt #1-1, original complaint in instant action ¶¶ 5, 13, 15, 26-28, 30, 32, 35, and 40-44.

In sum, as each new complaint has been filed, JEC has "related" its claims to Section 4.04 of the Employment Agreement and Feldman's employment actions as JEC's CEO ever more.

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

**E.**    **In the FAC, JEC Alleges For the First Time a Claim for Theft by Fraud Under California Penal Code Section 496.**

In its original complaint in the instant action (and in the Related Case), JEC alleged a Third Claim for Relief for "Indemnity." JEC has since withdrawn that claim, and it is not part of the FAC.

In its place, JEC alleges a new Third Claim for Relief, "For Violation of Penal Code § 496; Treble Damages." FAC ¶¶ 69-75. California Penal Code section 496(c) provides a right of civil action to one who was the victim of a theft of stolen property. JEC alleges that "[o]ne who knowingly and designedly, by false or fraudulent representations or pretenses, defrauds another of money is also guilty of theft. (Cal. Pen. Code § 484)." FAC ¶ 73. JEC alleges that "Feldman's actions as described above constitute violations of Penal Code Section 496." FAC ¶ 74.

**III.    LEGAL STANDARD**

On a motion to dismiss, the Court must "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Steinle v. City and County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). A court may also consider matters under the "incorporation by reference" doctrine. *Id.* This doctrine permits a court to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Anderson v. Clow (In re Stac Electronics Securities Litigation)*, 89 F.3d 1399, 1405, n. 4 (9th Cir. 1996). The Court may also consider matters that are the proper subject of judicial notice. *Thomas v. Walt Disney Co.*, 337 Fed. Appx. 694, 695 (9th Cir. 2009).

10

1    **IV.    ARGUMENT**

2        A.    **All Claims in the FAC Are Barred by Section 6.05 of the**

3              **Employment Agreement.**

4        When an affirmative defense is obvious on the face of a complaint, a

5    defendant may raise that defense in a motion to dismiss.  *Rivera v. Peri & Sons*

6    *Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).  A complaint showing that the

7    statute of limitations has run on the plaintiff's claim for relief "is the most

8    common situation in which the affirmative defense appears on the face of the

9    pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)."  *Id.*

10   Here, the defense provided by the limitation provision in Section 6.05 of the

11   Employment Agreement is apparent on the face of the FAC, from matters that

12   are incorporated by reference in the FAC, and from matters that may be

13   judicially noticed.

14            1.    **Michigan Law Applies to the Limitation Provision in the**

15                  **Employment Agreement.**

16       The Employment Agreement provides as follows: "This Agreement shall

17   be governed, construed, and enforced according to the substantive laws and

18   decisions of the State of Michigan, without regard to conflict of law analysis."

19   Exhibit 1 to RJN at § 6.08.[3]  As this is a diversity action (FAC ¶ 10), the Court

20   must apply the forum state's choice of law rules.  *First Intercontinental Bank v.*

21   *Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015).  Under California choice-of-law

22   rules, contractual choice-of-law provisions are enforceable and encompass the

23   chosen state's statute of limitations law.  *Hambrecht & Quist Venture Partners*

24   *v. American Medical International, Inc.*, 38 Cal.App.4th 1532, 1538-1550

25   (1995) (Delaware's statute of limitations law was made applicable by the

26   _____

27   [3]    The law of Michigan has a rational relationship to the Employment Agreement
      because Haworth, the owner of JEC, is a Michigan corporation.  Exhibit 4 to RJN
28   (Notice of Interested Parties filed in the Related Action).

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

11

1  choice-of-law provision in the parties' contract).  Accordingly, Michigan law
2  applies to the Limitation provision in the Employment Agreement.

3       **2.**     **Under Michigan Law, a Contractual Limitation**
4                 **Provision Must Be Enforced As Written.**

5       Under Michigan law, a contractual provision shortening a statute of
6  limitations must be enforced "as written." *Rory v Continental Ins. Co.*, 473
7  Mich. 457, 470-71; 703 N.W.2d 23, 31-32 (2005).  Michigan state courts and
8  Sixth Circuit courts applying Michigan law routinely enforce such clauses in
9  the employment context.  *Clark v. DaimlerChrysler Corp.*, 268 Mich. App. 138,
10  142; 706 N.W.2d 471, 474 (2005) (enforcing limitation provision requiring that
11  claims "relating to" employment be brought within six months); *Davis v.*
12  *Landscape Forms, Inc.*, 640 Fed. Appx. 445, 450 (6th Cir. 2016) (enforcing
13  limitation provision requiring that non-EEOC employment claims be brought
14  within 180 days); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357 (6th
15  Cir. 2004) (enforcing limitation provision requiring that claims "relating to"
16  employment be brought within six months).  Accordingly, Section 6.05 of the
17  Employment Agreement must be enforced.[4]

18       **3.**     **JEC Explicitly Relates Its Claims To Feldman's**
19                 **Employment.**

20       JEC repeatedly references and relies on the Employment Agreement and
21  Feldman's employment as CEO of JEC to support its claims.  These allegations
22  are not background facts.  They are not unintentional.  JEC alleged the same
23  facts in the Related Action and in the original complaint in the instant action.
24  They are integral to each of its claims.
25       JEC alleges that Feldman had "dual roles" – as CEO and designer.  FAC
26

27  [4]    Michigan does not recognize any common law "discovery" rule.  *Courser v.*
*Mich. House of Representatives*, 831 Fed. Appx. 161, 181 (6th Cir. 2020) (citing
28  *Trentadue v. Gorton*, 479 Mich. 378, 391-382; 738 N.W.2d 664, 672 (Mich. 2007)).

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

¶ 5. According to JEC, those roles were "separate and independent." *Id.* ¶ 19. Under Section 4.04 of the Employment Agreement, any design "conceived of by Feldman in the course of her employment was owned by JEC." *Id.* ¶ 16. Under Section 4.04 of the Employment Agreement, Feldman "confirmed that there was no intellectual property – including industrial designs – for which Feldman had any ownership interest as of the date it was entered into, May 2, 2016." *Id.*

The Design Agreement, on the other hand, compensated Feldman only for designs created "solely" by her after May 2, 2016 "*since, as part of the sale to JEC, Feldman had renounced* [in section 4.04 of the Employment Agreement] any rights to ownership in any designs created prior to that date and as an employee of Plaintiff she had no right to be compensated for designs developed as part of her employment." FAC ¶ 20 (emphasis added).

But Feldman ignored the separateness of her dual roles and "wrongfully" exploited her employment position as CEO to obtain compensation for designs that were owned by JEC pursuant to Section 4.04 of the Employment Agreement, which *therefore* did not qualify for compensation under the Design Agreement. FAC ¶¶ 5, 27-46. Feldman accomplished this result by (i) instructing her subordinates at JEC to pay her royalties for designs that were created before May 2, 2016, (ii) directing other JEC designers to help her create and submit designs, which, therefore, were not created "solely" by her, and (iii) using her "superior position" and "superior knowledge" as CEO to prevent JEC from recognizing that she was seeking royalties for designs that were already owned by JEC pursuant to Section 4.04 of the Employment Agreement. *Id.*

### 4. This Action Was Filed More than 18 Months After the Termination of Feldman's Employment.

JEC was required to commence any action "relating to" Feldman's employment within 18 months of the termination of her employment. Exhibit 1

13

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

to RJN, § 6.05.  Feldman's employment terminated on December 31, 2020.

FAC ¶ 17.  Eighteen months after that was June 30, 2022.  JEC did not file this

action by that date.  Dkt. # 1-1.  Therefore, it must be dismissed.[5]

**B.    Section 5(c) of the Design Agreement Also Bars This Action.**

**1.    Section 5(c) Is Valid and Enforceable.**

The Design Agreement is governed by "the laws of the State of

California law and the United States of America."  Exhibit A to FAC § 14.

Under California law, parties may contractually shorten a statutory limitation

period for commencing litigation related to the subject matter of the contract.

*Beeson v. Schloss*, 183 Cal. 618, 622 (1920); *Brisbane Lodging, L.P. v. Webcor*

*Builders, Inc.,* 216 Cal.App.4th 1249, 1262 (2013).  The law of the United

States is the same.  *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S.

99, 107, 134 S. Ct. 604, 187 L. Ed. 2d 529 (2013) (citing *Order of United Com.*

*Travelers of Am. v. Wolfe*, 331 U.S. 586, 608, 67 S. Ct. 1355, 91 L. Ed. 1687

(1947) (holding that contractual limitation provisions should be enforced "as

written" and affirming motion to dismiss on ground that claim was barred by

contractual limitations period)).  Provisions shortening California's four-year

period for breach of written contract claims to one year, six months or even

three months are reasonable.  *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038,

1043-1044 (9th Cir. 2001) (citing *Hambrecht & Quist Venture Partners*, *supra,*

38 Cal.App.4th 1532, 1548 (1995)).  Accordingly, the two-year period in

Section 5(c) of the Design Agreement is reasonable.[6]

---

[5]    JEC admits that the "tolling period" in the parties' Tolling Agreement did not begin until August 9, 2022 (FAC ¶ 61), which is 40 days after the 18-month limitation period in Section 6.05 of the Employment Agreement had already expired.

[6]    Under California law, a contractual limitation provision between sophisticated parties of equal bargaining power bars application of the so-called "discovery" rule. *Brisbane Lodging, supra,* 216 Cal.App.4th at 1257; *Evox Prods. LLC v. Chrome Data Solutions*, 2018 U.S. Dist. LEXIS 197882, * 42-43 (D. Or. Sept. 6, 2018) (applying California law).

14

MOTION TO DISMISS FIRST AMENDED COMPLAINT

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

**2.**     **Section 5(c) Applies to Each of JEC's Claims.**

Section 5(c) of the Design Agreement provides that "[n]one of the parties shall have the right to sue another one of the parties in connection with a breach by a party under this Agreement unless the party commences suit within two (2) years after the date when such alleged breach occurred."  Exhibit A to FAC § 5(c).  Here, each of JEC's claims is "in connection with a breach" by Feldman. JEC incorporates its allegations of breach into each of its Claims for Relief. FAC ¶¶ 53, 64, 69 and 76.  The first two Claims for Relief are explicitly for "breach" of the Design Agreement and "breach" of the implied covenant of good faith and fair dealing in the Design Agreement.  FAC ¶¶ 56, 66.  In the Third Claim for Relief, JEC alleges that "by virtue of the above-averred acts," and because of "Feldman's actions as described above," Feldman is also liable under California Penal Code section 496.  *Id.* ¶¶ 70, 74.  Nowhere in the Third Claim for Relief does JEC describe any acts other than the alleged acts upon which it bases its breach of contract claims.  *Id.* ¶¶ 69-75.  The Fourth Claim for Relief alleges that JEC is entitled to a declaratory judgment that Feldman is not entitled to royalties for designs that she "wrongfully submitted" under the Design Agreement.  *Id.* ¶ 77.  Accordingly, Section 5(c) of the Design Agreement applies to all of JEC's Claims for Relief.

**3.**     **JEC Has Previously Alleged that the Breach Occurred in 2019 and Does Not Allege in the FAC Any Breach That Occurred Within the Two-Year Limitation Period.**

JEC was required to file suit "within two years after the date when such alleged breach occurred."  Exhibit A to FAC § 5(c).  In its complaint in the Related Action, JEC alleged that Feldman "violated" the Design Agreement by "early 2019."  Exhibit 3 to RJN (Complaint in the Related Action ¶ 31).  JEC did not commence this action within two years of *any* date in 2019.

15

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

1    Since filing the Related Action, JEC has *not* amended to allege any
2  breach occurring within two years of the filing of this action.  In the original
3  complaint in the instant action, it did not allege any date of breach at all.  In the
4  current FAC (which JEC filed after Feldman filed its first motion to dismiss,
5  making the same contractual limitation argument it makes now [Dkt. 24]), JEC
6  decided to cloud the issue.  JEC now alleges that Feldman breached the Design
7  Agreement on an unspecified date "during the period from May 2, 2016 through
8  December 31, 2020."  FAC ¶ 56.  JEC also alleges the existence of a Tolling
9  Agreement, which tolled the running of any limitation period beginning on
10  August 9, 2022.  FAC ¶ 60.  Since two years before August 9, 2022 is August 9,
11  2020, and since JEC now alleges that the breach occurred between May 2, 2016
12  and December 31, 2020, JEC hopes to salvage a claim that is otherwise
13  obviously time-barred.

14    But JEC may not escape its prior allegation so cavalierly.  "Factual
15  assertions in pleadings . . . are considered judicial admissions conclusively
16  binding on the party who made them."  *Perez-Mejia v. Holder*, 641 F.3d 1143,
17  1149-1151 (9th Cir. 2011).  JEC alleged in the Related Action that Feldman's
18  breach of the Design Agreement occurred "by early 2019."  It did not amend
19  that allegation.  It is bound by that admission.

20    Moreover, the "period from May 2, 2016 through December 31, 2020" is
21  55 months.  More than 90% of that period falls outside the two-year limitation
22  period.  Even with the aid of the Tolling Agreement (FAC ¶¶ 60-61), only a
23  breach occurring between August 9, 2020 and December 31, 2020 would be
24  timely.  But JEC does *not* allege any breach falling within that *specific* time
25  period.  FAC ¶¶ 27-40.  Nor does it limit its claims to a breach or breaches that
26  occurred during that time period.  To the contrary, it continues to defines the
27  time period to be more than two years before filing suit, even after being placed
28  on notice of this argument in Feldman's earlier motion to dismiss.  Dkt. # 24.

16

In paragraphs 47-52 and 59 of the FAC, JEC alleges that Feldman "continued" to breach the Design Agreement after December 31, 2020.  But none of the allegations made in those paragraphs describe a breach of the Design Agreement.  The only thing that JEC alleges Feldman did after December 31, 2020 is "claim," "demand" or "request" that JEC pay her royalties for sales of "unqualified products."  JEC does not cite *any* provision of the Design Agreement that Feldman supposedly breached by making such claims, requests or demands.  *Id.*  Nor does JEC claim that it made any payments to Feldman in response to such demands.  *Id.*  Neither breach nor damage is alleged.

In sum, JEC seeks to include in this action alleged breaches that occurred far outside the two-year limitation window and does not allege any breach that occurred within the two-year limitation window.  Therefore, its claims are barred by Section 5(c) of the Design Agreement and must be dismissed.

## C. The Third Claim Should Be Dismissed Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

### 1. JEC Bases Its Third Claim for Relief on Theft By Fraud.

In its Third Claim for Relief, JEC purports to allege a claim for "violation of Penal Code § 496."  California Penal Code section 496(a) "defines the criminal offense of what is commonly referred to as receiving stolen property." *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal.5th 333, 346 (2022).  Section 496, subsection (c), "articulates a right to special civil remedies when a violation of section 496(a) has occurred."  *Siry*, 13 Cal.5th at 346-347.

Section 496 "extends to property 'that has been obtained in any manner constituting theft.'"  *Siry*, 13 Cal.5th at 349 (quoting Cal. Pen. Code § 496(a)).  California Penal Code section 484 describes acts constituting theft.  *Id.*

Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently

17

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

1  appropriate property which has been entrusted to him or her, or

2  *who shall knowingly and designedly, by any false or fraudulent*

3  *representation or pretense, defraud any other person of money*,

4  *labor or real or personal property*, or who causes or procures

5  others to report falsely of his or her wealth or mercantile character

6  and by thus imposing upon any person, obtains credit and thereby

7  fraudulently gets or obtains possession of money, or property or

8  obtains the labor or service of another, is guilty of theft.

9  Cal. Pen. Code § 484(a) (emphasis added).  Thus, Section 484 defines theft to

10  include defrauding a person by "false or fraudulent representation or pretense."

11  Cal. Pen. Code § 484(a); *see also Siry*, 13 Cal.5th at 349-350.

12  In the FAC, JEC tracks the theft by fraud language of Section 484 almost

13  exactly word-for-word.  "One who knowingly and designedly, by false or

14  fraudulent representations or pretenses, defrauds another of money is also guilty

15  of theft. (Cal. Pen. Code § 484)."  FAC ¶ 73.

16  **2.  Rule 9(b) Applies to Any Averments of Fraud.**

17  Federal Rule of Civil Procedure 9(b) provides as follows: "In alleging

18  fraud or mistake, a party must state with particularity the circumstances

19  constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) applies to both

20  state law and federal law causes of action.  *Vess v. Ciba-Geigy Corp.* USA, 317

21  F.3d 1097, 1103 (9th Cir. 2003).  Moreover, Rule 9(b) applies to any

22  "averments of fraud," even if fraud is "not an essential element of the claim."

23  *Id.*  JEC's Third Claim for Relief is based of averments of fraud.  FAC ¶¶ 72-

24  73.  Therefore, JEC must satisfy the particularity requirement of Rule 9(b).

25  **3.  JEC Does Not Comply With Rule 9(b).**

26  Rule 9(b)'s "heightened pleading requirement 'safeguards defendant's

27  reputation and goodwill from improvident charges of wrongdoing.'"  *Vess*,

28  *supra*, 317 F.3d at 1104 (quoting *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.

18

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   1990)).  "Fraud allegations may damage a defendant's reputation regardless of

2   the cause of action in which they appear, and they are therefore properly subject

3   to Rule 9(b) in every case."  *Vess*, 317 F.3d at 1104.

4        Under California law, the "indispensable elements of a fraud claim

5   include a false representation, knowledge of its falsity, intent to defraud,

6   justifiable reliance, and damages."  *Vess*, 317 F.3d at 1105.  "Averments of

7   fraud must be accompanied by 'the who, what, when, where and how" of the

8   misconduct charged."  *Id.* at 1106.  "The complaint must specify such facts as

9   the times, dates, places, benefits received, and other details of the alleged

10  fraudulent activity."  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

11       JEC does not allege any of these details.  Most importantly, JEC does not

12  allege *any* false statement or misrepresentation.  While JEC alleges in

13  conclusory fashion that Feldman made "misrepresentations" and "false

14  statements," JEC does not identify what those representations and statements

15  were, when or to whom they were made, or how they were fraudulent.

16  Moreover, since there is no allegation that Feldman ever made any particular

17  false statement, there is also no allegation that she knew *such* statement to be

18  false when she made it, that she intended to defraud JEC when she made *such*

19  statement, or that JEC reasonably relied on *such* statement.

20       For example, throughout the FAC, JEC alleges that Feldman's

21  submissions of designs that were created before May 2, 2016 was wrongful and

22  a breach of the Design Agreement.  FAC ¶¶ 4, 27-34, 43, 47.  But JEC does not

23  allege that Feldman ever made any *statement* to anyone about whether her

24  Design was created before or after May 2, 2016.  JEC also alleges that Feldman

25  "actively sought to prevent" JEC from detecting her breaches of contract.  FAC

26  ¶ 43.  But, again, JEC does not allege that Feldman made any *statement* to

27  anyone that prevented JEC from detecting her alleged breaches of contract.

28       In sum, JEC does not comply with Rule 9(b).

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

19

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502

**4.      JEC's Third Claim Also Does Not State a Claim Upon Which Relief Can Be Granted (FRCP 12(b)(6)).**

In fact, it is not clear what the "fraud" even is.  While JEC cites Section 484 and uses the words "fraud," "defraud," and "fraudulent," it does not allege *any* facts (with particularity or otherwise) that would constitute fraud.  It *seems* as if JEC is simply seeking to convert its breach of contract claim into a theft of stolen property claim.  But it is clear under California law that it may not do so.

The California Supreme Court has articulated "a general rule precluding tort recovery for noninsurance contract breach, at least in the absence of violation of 'an independent duty arising from principles of tort law.'" *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85, 102 (1995).  In other words, there must be something *more* than a breach of contract to justify the imposition of anything other than contract damages.  *Erlich v. Menezes*, 21 Cal.4th 543, 550-552 (1999).  As the California Supreme Court made clear in *Siry*, "[t]o prove theft, a plaintiff must establish criminal intent on the part of the defendant beyond 'mere proof of nonperformance or actual falsity." *Siry*, *supra*, 13 Cal.5th at 361-362.  "This requirement prevents 'ordinary commercial defaults' from being transformed into a theft." *Id.* at 362.  Here, the only "independent duty arising from principles of tort law" that JEC cites on its Third Cause of Action is fraud.  FAC ¶ 73.  But JEC never alleges any fraud.

The elements of fraud under California law are (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages.  *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.  As for the "misrepresentation" element, the law is "well established that actionable misrepresentations must pertain to past or existing material facts." *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014).

Here, JEC fails to allege any of these essential elements.  Again, most

20

importantly, JEC fails to allege that Feldman made any misrepresentation of past or existing fact.  Therefore, JEC is unable to allege that Feldman knew such representation was false when she made it; JEC is unable to allege that Feldman intended to induce JEC to rely on such representation when she made it; JEC is unable to allege that it relied on such representation when she made it; and JEC is unable to allege that is suffered any damages as a result of Feldman making such a representation.[7]

In sum, JEC fails to comply with Rule 9(b) and fails to state any facts that would state a claim for theft by fraud.  Therefore, the Third Claim for Relief should be dismissed for these additional, independent reasons.

## V.   **CONCLUSION**

For these reasons, the Court should grant the Motion to Dismiss.


DATED:  September 13, 2023          LAW OFFICES OF STEPHEN S. SMITH, P.C.


                                    By: */s/  Stephen S. Smith*
                                    STEPHEN S. SMITH (SBN 166539)
                                    Attorney for Janice Feldman

---

[7]     JEC alleges that Feldman warranted in the Design Agreement itself that the designs "to be provided" would be created solely by her, that no third parties "will have contributed to the creation of such Original Designs," and that the designs "will not violate any intellectual property right of any third party." FAC ¶¶ 22-23.  But that warranty was not a misrepresentation of "past or existing fact."  It was a promise of *future performance*, the breach of which is not theft.  *Siry*, 13 Cal.5th at 361-362.

LAW OFFICES OF STEPHEN S. SMITH, P.C.
303 North Glenoaks Blvd., Suite 200
Burbank, California 91502