UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6000 PA (ASx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Janus Et Cie v. Janice Feldman | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss First Amended Complaint ("Motion to Dismiss") filed by defendant Janice Feldman. (Docket No. 41.) The motion is fully briefed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for October 16, 2023, is vacated, and the matter taken off calendar.

## I.     Background[1/]

Defendant Janice Feldman ("Defendant" or "Feldman") is the former CEO of plaintiff Janus Et Cie ("JEC" or "Plaintiff"), a company that sells outdoor furniture. In 2016, the parties entered into a Design Agreement, whereby Defendant could submit her own designs for approval by Plaintiff and, if approved, Defendant would receive royalties on the sales of products based on those designs. Plaintiff alleges that "royalties were limited exclusively to products that were based on designs [Feldman] created after . . . May 2, 2016, and for which Feldman was the sole creator of the design." (Docket No. 33 ¶ 3.) Plaintiff further alleges that

---

[1/]     Defendant requests that the Court take judicial notice of a complaint, a Notice of Voluntary Dismissal, and a Notice of Interested Parties filed in a related action, as well as documents referred to in the FAC. (Docket Nos. 42, 46.) Plaintiff does not object to Defendant's requests. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may take judicial notice of matters referred to in the complaint, but not attached, where the document's authenticity is not contested and the complaint necessarily relies on them. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). A court may also judicially notice matters of public record. Id. at 689; see Minor v. FedEx Off. & Print Servs., Inc., 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015) ("Proper subjects of judicial notice when ruling on a Rule 12 motion include court documents already in the public record and documents filed in other courts . . . ."). Accordingly, the Court grants Defendant's requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6000 PA (ASx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Janus Et Cie v. Janice Feldman | | |

the purpose of the Design Agreement was to compensate Defendant for her services separate and apart from her role as CEO. The parties also executed an Employment Agreement, pursuant to which Defendant was employed as CEO. Plaintiff contends that, since the execution of the Design Agreement, Defendant has been improperly demanding and receiving royalty payments for designs that violate the Design Agreement because they are not her original designs and/or were created after May 2, 2016. The First Amended Complaint ("FAC") alleges four claims: (1) breach of the Design Agreement; (2) breach of the duty of good faith and fair dealing; (3) violation of California Penal Code § 496; and (4) declaratory judgment. Defendant now moves to dismiss the FAC.

**II.     Legal Standard**

For purposes of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6000 PA (ASx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Janus Et Cie v. Janice Feldman | | |

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

The more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "Rule 9(b) requires particularity as to the circumstances of the fraud – this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading."  In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994); see also Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.  While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.") (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)).

**III.    Analysis**

    **A.    Contractual Limitations Provisions**

Defendant contends that Plaintiff has failed to state any of its claims under Rule 12(b)(6) because the claims are untimely due to the contractual limitations provisions in the Employment Agreement and the Design Agreement.

The Employment Agreement provides:  "Each party hereto agrees not to commence any action or suit against the other party hereto relating to [Feldman's] employment with [JEC] more than eighteen (18) months after the date of termination of [Feldman's] employment with [JEC] and agrees to waive any statute of limitations to the contrary."  (Docket No. 42-1.)  Defendant's employment with Plaintiff ended on December 31, 2020, and Plaintiff filed the original Complaint on June 28, 2023.  Defendant asserts that Plaintiff's claims are related to Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6000 PA (ASx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Janus Et Cie v. Janice Feldman | | |

employment and, because more than 18 months had passed between the termination of Defendant's employment and the filing of the Complaint, Plaintiff's claims are time-barred. Defendant's argument is premature. At this stage in the proceedings and on this record, the Court cannot determine whether Plaintiff's claims "relate to Feldman's employment." Such a determination will depend on facts not currently before the Court.

The Design Agreement provides: "None of the parties shall have the right to sue another one of the parties in connection with a breach by a party under this Agreement unless the party bringing such suit commences the suit within two (2) years after the date when such alleged breach occurred." (Docket No. 33-1.) Defendant contends that Plaintiff's claims are all "in connection with" Defendant's alleged breaches of the Design Agreement, but that Plaintiff does not allege that any breach of the Design Agreement occurred in the two years prior to the filing of the Complaint. However, the FAC alleges that "[d]uring the period from May 2, 2016 through the present, Feldman has regularly and improperly demanded and been paid royalties which she had no right to receive." (Docket No. 33 ¶ 62 (emphasis added).) The FAC further alleges that "[o]ver the years and up to the present, each and every time Feldman submitted a putative 'Original Design' for approval that pre-dated May 2, 2016, was not 'created solely' by her, or both; each time she requested payments of royalties on sales of such unqualified products; and each time she accepted payments of royalties on sales of such unqualified products, Feldman breached the Design Agreement . . . ." (Id. ¶ 47.)

Under the continuous accrual doctrine, "recurring invasions of the same right can each trigger their own statute of limitations." Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1198–99, 292 P.3d 871, 880 (2013). Additionally, a district court "cannot dismiss a complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of a claim.'" Pac. Choice Seafood Co. v. Pritzker, No. 15-CV-05572-HSG, 2016 WL 3916322, at *4 (N.D. Cal. July 20, 2016) (quoting Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995)); see id. at *4 (denying motion to dismiss where "[p]laintiffs have sufficiently alleged a potentially timely challenge").

Although Defendant argues that Plaintiff has previously alleged, and continues to allege, that Plaintiff knew that Defendant had allegedly breached the Design Agreement more than two years before commencing this action, that does not necessarily mean Plaintiff cannot state a viable claim for an additional breach occurring within the limitations period. Instead, reading the allegations in the FAC in the light most favorable to Plaintiff, and given the continuous accrual doctrine, Plaintiff's claims are at least potentially timely. That is, Plaintiff has alleged that one or more of Defendant's recurring breaches occurred within the two years prior to the filing of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6000 PA (ASx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Janus Et Cie v. Janice Feldman | | |

Complaint. Therefore, Defendant's argument that Plaintiff's claims are untimely fails at this stage of the proceedings.

**B.     Violation of California Penal Code Section 496**

Defendant also argues that the Court should dismiss Plaintiff's claim for violation of California Penal Code section 496 because the FAC does not allege the elements of fraud. The Court disagrees.

Section 496(a) criminalizes buying or receiving "any property that has been stolen or has been obtained in any manner constituting theft or extortion," and section 496(c) provides a private right of action to a person injured by a violation of section 496(a). Cal. Penal Code § 496(a), (c). Additionally, section 484 explains that "[e]very person . . . who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, . . . is guilty of theft." Cal. Penal Code § 484(a). Theft by false pretenses has three elements: "'(1) a false pretense or representation, (2) the intent to defraud the owner of his or her property, and (3) the false pretense or representation materially influenced the owner to part with the property.'" Worldwide Travel, Inc. v. Travelmate US, Inc., No. 14-CV-00155-BAS(DHB), 2016 WL 1241026, at *8 (S.D. Cal. Mar. 30, 2016) (quoting Carrillo-Jaime v. Holder, 572 F.3d 747, 752 (9th Cir. 2009) (citation omitted), abrogated on other grounds by Descamps v. United States, 133 S.Ct. 2276 (2013)).

Here, the FAC sufficiently describes the misrepresentations and false statements allegedly made by Defendant, as well as sufficiently alleges that Defendant intended to defraud Plaintiff of its money, and that Defendant's alleged misrepresentations and false statements materially influenced Plaintiff to part with its money. Thus, Plaintiff has sufficiently alleged theft by false pretenses as the basis for its section 496(a) claim, and the Court declines to dismiss that claim.[2]

**Conclusion**

For all of the foregoing reasons, the Court denies Defendant's Motion to Dismiss.

IT IS SO ORDERED.

---

[2]     Defendant also contends that Plaintiff's allegations fail to meet Rule 9(b)'s heightened pleading standard. See Fed. R. Civ. P. 9(b). To the extent Rule 9(b) applies to Plaintiff's section 496 claim, Plaintiff has satisfied the standard.